# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv206
## [Criminal Case No. 4:98cr144]

| | |
|---|---|
| LLOYD ANTHONIE WILLIAMS, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, filed August 15, 2011. [Doc. 1]. No response is necessary from Respondent.

## STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or otherwise is subject to collateral attack. 28 U.S.C. § 2255. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, however, that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

The Court has reviewed Petitioner's Motion and the record of his prior criminal and civil proceedings and enters summary dismissal for the reasons stated herein.

## PROCEDURAL HISTORY

On May 4, 1998, Petitioner was charged with conspiracy to possess with intent to distribute quantities of cocaine powder and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); using and carrying a firearm during and in relation to the foregoing drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count Two); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Three). [Criminal Case No. 4:98cr144, Doc. 9]. Respondent also filed an Information pursuant to 21 U.S.C. § 841(b), asserting that more than 1.5 kilograms of cocaine base and 50 kilograms of cocaine powder were involved in the conspiracy. [Id., Doc. 10]. On December 3, 1998, Respondent filed an Information pursuant to 18 U.S.C. § 924(e) to establish Petitioner's three prior felony convictions and to

give notice of its intention to seek enhanced punishment based upon Petitioner's criminal history. [Id., Doc. 43].

On December 7, 1998, Petitioner's case was tried to a jury, which convicted him of the firearm offense charged in Count Three. [Id., Doc. 47]. On August 4, 1999, the Court[1] sentenced Petitioner as a career offender to a term of life imprisonment. [Id., Doc. 55]. On appeal, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction but vacated his sentence because it found Petitioner was not a career offender. United States v. Williams, 16 F. App'x 90, 95 (4th Cir. 2001) (per curiam). The Court of Appeals therefore remanded Petitioner's case for resentencing and for a determination of whether Petitioner was an armed career criminal. Id. at 95.

Pursuant to that remand, on October 29, 2001, this Court resentenced Petitioner under the Armed Career Criminal Act (hereinafter "ACCA") to a term of 300 months' imprisonment. [Criminal Case No. 1:06cr144, Doc. 78]. On appeal, the Circuit Court ruled that although Petitioner was properly sentenced under the ACCA, the Court erred in adding two points to his offense level based upon a conclusion that the firearm involved in his § 922(g)

---

[1] Petitioner was tried, sentenced, and re-sentenced by the Honorable Lacy H. Thornburg, who has since retired. Petitioner's case was reassigned to the undersigned on August 16, 2011.

3

conviction was used in connection with a controlled substance offense. United States v. Williams, 57 F. App'x 553, 557-58 (4th Cir. 2003) (per curiam). Thus, the Circuit Court vacated the sentence and remanded the case for imposition of a sentence based on a guidelines range of 235 to 293 months' imprisonment. Id. at 558.

On April 17, 2003, the Superior Court of Cleveland County entered a document styled as a Consent Judgment Modifying Original Sentence, by which it granted a Motion for Appropriate Relief that Petitioner had filed earlier that day. [Doc. 1 at 7-9]. Such Consent Judgment downgraded two of the predicate convictions that were used to qualify Petitioner as an armed career criminal from Class H to Class I felony drug convictions. [Id.]. The Consent Judgment also made those modifications effective from the original date of sentencing in August 1999. [Id. at 7].

On April 29, 2003, the Court held Petitioner's final sentencing hearing, at which time Petitioner advised that he had obtained the above-noted relief in the State Court and, therefore, no longer qualified as an armed career criminal. Nevertheless, the Court found that it was constrained by the Circuit's mandate and sentenced Petitioner to 293 months' imprisonment. [Criminal Case No. 4:98cr144, Doc. 91]. The Circuit Court affirmed Petitioner's

4

sentence. United States v. Williams, 162 F. App'x 254, 261 (4th Cir. 2006) (per curiam). Among other issues, the Fourth Circuit considered and rejected Petitioner's claim that the modification of two of his prior drug convictions qualified as newly discovered evidence that this Court should have considered in determining whether he qualified for sentencing under the ACCA. Williams, 162 F. App'x at 257. The Fourth Circuit determined that this Court was, in fact, constrained by the Fourth Circuit's mandate to impose a sentence between 235 and 293 months because Petitioner had failed to use due diligence in pursuing the modification of his prior drug convictions. Id. at 260-61.

On June 21, 2006, Petitioner filed his first Petitioner pursuant to 28 U.S.C. §2255 arguing that his sentence was excessive and violated his constitutional and statutory rights; that he was subjected to several instances of ineffective assistance of counsel, including counsel's failure to fully brief and argue that the modification of his two prior drug convictions in April 2003 precluded his being sentenced under the ACCA; and that he was "actually innocent" of the sentence that he received. [Civil Case No. 1:06cv193, Doc. 1]. On July 11, 2007, Respondent filed an Answer denying the material allegations in Petitioner's Motion and filed a Motion for Summary Judgment

seeking a summary dismissal of Petitioner's case. [Id., Docs. 8 and 9, respectively].

After Petitioner failed to respond to the Court's Roseboro[2] Order, on October 2, 2007, the Court entered a Memorandum and Order granting Respondent's Motion for Summary Judgment and dismissing Petitioner's Motion to Vacate. [Id., Doc. 11]. On March 12, 2008, the Court granted Petitioner's de facto motion for reconsideration, thereby agreeing to consider his arguments in opposition to Respondent's Motion for Summary Judgment. [Id., Doc. 17]. Nevertheless, the Court rejected those arguments and denied Petitioner's request to void its Judgment. [Id.]. In rejecting Petitioner's claim that counsel failed to argue that his 2003 sentence modification rendered him ineligible for sentencing under the ACCA, the Court found that the substance of that claim already had been rejected on direct appeal. [Id. at 13-14].

Petitioner appealed the Court's dismissal of his Motion to Vacate and the denial of his motion to void its judgment; however, the Fourth Circuit declined to issue a certificate of appealability and dismissed his appeal. United States v. Williams, 307 F. App'x 726, 727 (4th Cir. 2009) (per curiam).

---

[2]Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (holding that before entering summary judgment against a pro-se litigant, courts must provide the litigant with fair notice of the requirements of the summary judgment rule).

Petitioner filed additional post-judgment motions [Id., Doc. 24; and Criminal Case No. 4:98cr144, Doc. 134], but those matters also were denied by this Court. [Id., Doc. 25; and Criminal Case No. 4:98cr144, Doc. 135].

Undaunted, Petitioner has returned with his second Motion to Vacate, again seeking to attack his 293-month sentence on the ground that the 2003 modification of his State drug convictions rendered him ineligible for sentencing under the ACCA. [Doc. 1].

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") imposes strict limitations on the consideration of "second or successive" petitions. Pursuant to 28 U.S.C. § 2244, before a petitioner can bring a successive motion to vacate, he first must obtain authorization to proceed with that motion from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Leave to file such a petition may be granted only if the proposed petition contains at least one claim that (a) rests on a new rule of constitutional law made retroactive by the Supreme Court, or (b) rests on a previously undiscoverable factual basis that would demonstrate the movant's innocence by clear and convincing evidence. 28 U.S.C. § 2244(b)(2). "In the absence of pre-filing authorization, the district court lacks jurisdiction to

7

consider an application containing abusive or repetitive claims." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Not every numerically second petition is a second or successive petition within the meaning of the AEDPA. Rather, to qualify as a second or successive petition, the first habeas petition must have been dismissed on the merits. Slack v. McDaniel, 529 U.S. 473, 485-86, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); accord Winestock, 340 F.3d at 207 ("[A] brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications."); In re Taylor, 171 F.3d 185, 187 (4th Cir. 1999) (noting that the AEDPA codified the old standards providing that "a successive petition for collateral relief was one which raised grounds identical to those raised and rejected on the merits on a prior petition, and a petition raising grounds that were available but not relied upon in a prior petition could be dismissed on the ground that the petitioner had abused the writ.") (internal quotation marks and citation omitted).

Here, Petitioner seeks to challenge his sentencing under the ACCA on the basis of the 2003 state court Consent Judgment that downgraded two of his prior state drug convictions from Class H to Class I felonies. The Court

8

previously rejected a related claim in Petitioner's first Motion to Vacate by which he argued that one of his attorneys was ineffective for failing to argue that the 2003 modification made him ineligible for sentencing as an armed career criminal. [Civil Case No. 1:06cv193, Doc. 1]. Thus, inasmuch as the Court has already rejected the premise underlying Petitioner's current claim -- that the 2003 sentence modifications made him ineligible for sentencing under the ACCA -- the instant claim is a successive one for which he was required to obtain pre-filing authorization from the Court of Appeals.

Even if it can reasonably be argued that the merits of the instant claim were not raised or addressed in connection with Petitioner's first Motion to Vacate, such claim still is not cognizable by this Court because it could have been raised in the prior Motion to Vacate. Indeed, Petitioner secured the Judgment modifying his prior convictions twelve days prior to his final resentencing hearing. As evidenced by both his appellate argument and his habeas claim alleging ineffective assistance, Petitioner clearly was aware of the basis of the instant claim at the time he filed his first Motion to Vacate in 2006. Furthermore, there is no evidence in this record, and Petitioner has not offered any such evidence, to explain why he could not have raised this claim in his first Motion to Vacate. Accordingly, to the extent that this claim was not

9

put to rest when the Court resolved Petitioner's first Motion to Vacate, the Court still finds that the claim is one for which he was required to obtain pre-filing authorization before filing this second Motion to Vacate.

Finally, the decision upon which Petitioner relies, <u>Stewart v. United States</u>, 646 F.3d 856 (11th Cir. 2011), does not require a different result. In <u>Stewart</u>, the Eleventh Circuit extended the Supreme Court's holding in <u>Johnson v. United States</u>, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005). The <u>Johnson</u> Court held that the state court vacatur of a predicate conviction is a new fact that triggers a fresh one-year statute of limitations under 28 U.S.C. § 2255(f)(4). The <u>Stewart</u> Court thus held that when a second motion to vacate is filed on the basis of information that did not exist at the time the first motion to vacate was filed and denied, his second motion is not forbidden, provided the petitioner has acted with due diligence. <u>Stewart</u>, 646 F.3d at 863-65. <u>Stewart</u>, however, is inapplicable to Petitioner's situation. The factual predicate for Petitioner's present claim *existed* at the time of his first § 2255 motion. It was filed in 2006 and his state convictions were downgraded in *2003*.

In conclusion, the Court finds that Petitioner's proposed claim is one for which he was required to obtain pre-filing authorization from the Circuit Court

before bringing it to this Court. Accordingly, the Court must dismiss this Motion because it does not have jurisdiction to entertain Petitioner's claim.

Upon careful consideration of Petitioner's Motion to Vacate, the record of the prior proceedings, and the relevant legal precedent, the Court finds that Petitioner is not entitled to review of his claim and therefore his § 2255 Motion must be dismissed, albeit without prejudice. The Court further finds that Petitioner has not made a substantial showing either that the Court's dispositive ruling is debatable or that his § 2255 Motion states a debatable claim of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Slack, 529 U.S. at 484, 120 S.Ct. 1595 (when relief is denied on procedural grounds, petitioner must establish both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** to his right to refile the same if and

when he obtains pre-filing authorization from the Fourth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 14, 2011

Martin Reidinger
United States District Judge